UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHERY JOHN MOORE,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:23-cv-01640-WBS-CDB (SS)<br><br>ORDER ON SECOND STIPULATION EXTENDING *NUNC PRO TUNC* TIME TO FILE MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 18) |

Plaintiff Zachery John Moore ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's claim for benefits under the Social Security Act. (Doc. 1). On January 26, 2024, Defendant filed the applicable administrative record. (Doc. 12).

On February 15, 2024, the Court granted the parties' stipulated request and extended the time for Plaintiff to file and serve her motion for summary judgment to April 26, 2024. (Docs. 13, 14)

On April 26, 2024, the day Plaintiff's motion for summary judgment was due, Plaintiff filed a second stipulated request for an extension of time to file and serve his motion for summary judgment to April 30, 2024. (Doc. 18). Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the

1

need for an extension becomes apparent." L.R. 144(d).

Here, given Counsel for Plaintiff's representations about the reasons Plaintiff seeks an extension of time - that the case recently was reassigned to counsel and that she suffers from debilitating migraines that adversely affected productivity during the week leading up to the filing deadline (Doc. 18) – it should have become apparent before the due date for filing the motion for summary judgment that such an extension was needed, and, hence, under Local Rule 144, Plaintiff was required to file the request for extension of time before now.

As this Court repeatedly has advised and cautioned in other cases where counsel has filed a request to extend a case management date on the date of expiration,[1] the Court disfavors granting *nunc pro tunc* relief and directs Plaintiff to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that Plaintiff seeks to extend. *See* L.R. 144(d) ("Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.").

For the reasons set forth in the parties' stipulation and for good cause shown, IT IS HEREBY ORDERED

1. Plaintiff shall file his motion for summary judgment by April 30, 2024;
2. No further extension will be granted without a timely-filed request by one or both parties supported by a showing of good cause; and
3. The timelines for the filing of an opposition and/or reply remain governed by the Court's Scheduling Order (Doc. 5).

IT IS SO ORDERED.

Dated:  **April 29, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *E.g.*, *Amanda Mary Khorasani v. Commissioner*, No. 1:23-cv-1444-CDB (Doc. 14); *Benjamin Emerson Jones v. Commissioner*, No. 1:22-cv-1635-JLT-CDB (Doc. 15); *Eric Wilhelm Wagner v. Commissioner*, No. 1:22-cv-1566-CDB (Doc. 16); *Ronnie Cabana Ripoyla v. Commissioner*, No. 1:22-cv-1220-CDB (Doc. 18); *Anthony Shane Porter v. Commissioner*, No. 1:22-cv-0369-AWI-CDB (Doc. 18); *Xeya Mancilla v. Commissioner*, No. 1:22-cv-0349-CDB (Doc. 19); *Destiny Monique Clark v. Kijakazi*, No. 1:21-cv-1022-CDB (Doc. 25); *Luz Maria Orozco v. Commissioner*, No. 1:22-cv-1478-CDB (Doc. 17).